```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X

SHAWN O. SMITH II,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       25-CV-5313(EK)(SDE)


CITY OF NEW YORK, et al.,

                Defendants.
-------------------------------X
```

ERIC KOMITEE, United States District Judge:

Plaintiff Shawn O. Smith II filed this action on September 19, 2025.  Compl., ECF No. 1.  Acting *pro se*, he moves to proceed *in forma pauperis* ("IFP").  ECF No. 2.  For the following reasons, that motion is denied without prejudice to renew.

In his motion, Plaintiff states that he earns $60,000 per year, but that he is unable to access those wages "due to child support arrears."  ECF No. 2, at 1.  Similarly, in a prior IFP application in a separate case before this Court, plaintiff alleged that his *entire* salary had been garnished to cover child support payments.  *See* IFP App. 2, *Smith v. City of New York*, No. 25-CV-3634, ECF No. 2 (June 26, 2025).

Based on the record before it, the Court cannot yet credit this allegation.  Plaintiff appends no documentation showing that his entire salary is being withheld to make child

support payments.  Indeed, such an arrangement does not appear to comport with New York law governing income execution for enforcement of child support orders.  *See* N.Y. C.P.L.R. § 5241(g) (setting maximum permissible deduction at sixty-five percent of "disposable income"); 12 Alan D. Scheinkman, *New York Law of Domestic Relations* § 24:23 (Supp. 2025).  Accordingly, the Court requires more information to determine whether Plaintiff may proceed IFP.  His application to proceed IFP is therefore denied without prejudice to renew.

Should Plaintiff wish to proceed with this action, he must (1) file a long-form IFP application within fourteen days, including proof that his entire salary is being garnished, *or* (2) pay the filing fee of $405 within fourteen days.  If Plaintiff pays the filing fee, the Clerk of Court shall issue a summons, and Plaintiff must serve the summons and complaint on each Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.  If Plaintiff fails to pursue either option within fourteen days, the Court shall dismiss the action without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The

Clerk of Court is respectfully directed to mail a copy of this order, and a long-form IFP application, to the Plaintiff and note the mailing on the docket.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   May 1, 2026
         Brooklyn, New York